## FOX v. DAVIDSON.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. BILL OF PARTICULARS.

    Where the complaint alleges a contract between the parties, breach thereof by defendant, and subsequent request of defendant that plaintiff proceed with the work, and a promise, if he would do so, to deliver plaintiff certain notes, defendant is entitled to bill of particulars of the time and place of making the new agreement, the allegations as to it being extremely indefinite.

2. SAME.

    The complaint alleging waiver by defendant of provisions in a building contract that the premises be completed by a certain time, that they be erected to the satisfaction of the architect, that the value of additions and omissions be stipulated in writing by the parties, and that the payments should be on certificate of the architect, defendant is entitled to bill of particulars of the acts or statements from which such waiver could, as alleged in the complaint, be implied.

Appeal from special term, New York county.

Action by Henry E. Fox against Isaac Davidson. From an order denying a motion for bill of particulars, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry A. Forster, for appellant.
Edmund Luis Mooney, for respondent.

INGRAHAM, J. The defendant applied to the court below for a bill of particulars as to several of the allegations of the complaint. The complaint alleged the making of a contract between the plaintiff and the defendant; that there was a breach of the contract by the defendant; that subsequently the defendant requested the plaintiff to proceed with the said work, and promised that, if he would do so, the defendant would deliver to the plaintiff certain notes. The defendant asked for a bill of particulars of the time and place when this new agreement was alleged to have been made. We think the plaintiff was entitled to such bill of particulars. The allegation as to the new agreement is extremely indefinite. The time and place at which it was made was not stated, and it would be manifestly unsafe for the plaintiff to proceed to trial unless he could have such particulars. The complaint also alleged that the defendant waived the provisions in the said agreement providing that the said premises should be completed by November 1, 1896, and which provided that the premises should be erected to the satisfaction and under the direction of the architect mentioned in said agreement, and which provided that the value of additions to or omissions from the work provided for by

said contract should be stipulated in writing, and signed by the parties to said agreement, and which provided that the payments and other considerations mentioned in said agreement should be made to the plaintiff, provided a certificate should be obtained, and signed by the said architect, when each of the considerations should become due. We think the defendant was entitled to a bill of particulars specifying the act or acts or statements from which such waivers as alleged in the fourth paragraph of the complaint could be implied. It would be manifestly impossible for the defendant to be prepared for trial unless he was in some way apprised of the nature of the waiver, and whether it was by express agreement, or to be implied from his acts or declarations.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted to the extent indicated, with $10 costs. All concur.